UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUC DINH PHAN,

        Petitioner,

v.                                          CASE NO. 2:05-72320
                                            HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Luc Dinh Phan has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for first-degree (felony) murder, MICH. COMP. LAWS § 750.316. Because Petitioner's habeas claims lack merit or are not cognizable on habeas review, the habeas petition must be denied.

### I. Background

On May 16, 2003, a circuit court jury in Ottawa County, Michigan found Petitioner guilty of murdering his girlfriend's baby. The prosecutor's theory was that Petitioner shook the infant so violently that it sustained a severe head injury and died four months later.

A detective testified at trial that the police narrowed its list of suspects to Petitioner and the baby's mother. Petitioner tried to prevent the baby's mother from speaking to the police in his absence, and he made the unsolicited statement to the police that he was never alone with the baby. He cried when the police questioned him, and he stated that he had told his mother he would not get in trouble. The police arrested Petitioner for child abuse after learning that he had been alone with the baby.

A physician testified that it takes considerable strength to shake a baby violently enough to cause injury. The baby's mother testified that Petitioner killed her baby, although she did not actually see him injure the child, and that Petitioner had told her to lie to the police. Petitioner's defense was that the baby's mother caused the fatal injuries.

The jury convicted Petitioner as charged, and on June 16, 2003, the trial court sentenced Petitioner to life imprisonment for the crime. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Phan*, No 249703 (Mich. Ct. App. July 15, 2004), and, on February 28, 2005, the Michigan Supreme Court denied leave to appeal. *See People v. Phan*, 472 Mich. 866; 692 N.W.2d 843 (2005) (table).

Petitioner filed his habeas petition on June 13, 2005. The grounds for relief read:

I. The trial court reversibly erred in granting the prosecution's request to admit evidence of highly speculative and circumstantial prior bad acts of Mr. Phan under MRE 404(B).

II. The trial court erred and violated appellant's due process rights by admitting gruesome photographs of the deceased minor child where the unfair prejudice substantially outweighed any probative value.

III. Petitioner was denied the effective assistance of counsel where defense [counsel] failed to object to irrelevant and highly prejudicial testimony from two prosecution witnesses regarding the minor child's quality of life subsequent to leaving the hospital.

Respondent urges the Court to dismiss the habeas petition because Petitioner did not raise his first two claims as federal constitutional issues in state court. Petitioner's unexhausted claims lack merit, however, and the exhaustion requirement, 28 U.S.C. § 2254(b), is not a jurisdictional one. *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __

U.S. __, 127 S. Ct. 581 (2006).  Consequently, the Court will proceed to adjudicate Petitioner's claims rather than dismiss them for failure to fairly present them to the state court.

## II.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original).  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.  "Ultimately, AEDPA's highly deferential standard requires that this court give the state-court decision 'the benefit of the

3

doubt.'" *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

### III.  Discussion

#### A.  The Evidentiary Claims

The first and second habeas claims allege that the trial court erred in admitting certain evidence at Petitioner's trial.  The Michigan Court of Appeals concluded that the trial court properly admitted the evidence.

The alleged violations of the Michigan Rules of Evidence lack merit because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).  "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors of state law").  To prevail on a claim that the state court erroneously admitted evidence, a habeas petitioner must show that the errors "render[ed] the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *McGuire*, 502 U.S. at 69-70).

#### 1.  Prior "Bad Acts" Evidence

Petitioner alleges that the trial court erred in granting the prosecution's request under Michigan Rule of Evidence 404(b) to admit evidence of other abuse directed at the deceased infant.  The challenged evidence consisted of testimony that:  (1) Petitioner once picked up the

baby by one arm and, about two weeks later, the baby was diagnosed with a broken arm (Tr. May 15, at 99 and 102); (2) someone must have caused the baby to break its arm (*id.* at 21-22); and (3) Petitioner once contacted a neighbor for help when the baby was having difficulty breathing (*id.* at 202-09). According to Petitioner, this evidence served only to show that he was a bad person and had a propensity to commit the charged offense.

> The United States Court of Appeals for the Sixth Circuit has explained that
>
> [t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. . . . While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

*Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003). Because there is no Supreme Court decision holding that the admission of similar acts evidence violates the Constitution, the state court's conclusion that Petitioner's claim lacked merit cannot be deemed "contrary to" Supreme Court precedent under 28 U.S.C. § 2254(d). *Id.* at 513.

Even if Petitioner's claim were cognizable on habeas review, the Michigan Court of Appeals ruled that the trial court did not abuse its discretion by allowing the prosecutor to introduce the disputed evidence. The court of appeals stated that the evidence was relevant and that its probative value outweighed the danger of unfair prejudice. The court of appeals also stated that the evidence was admitted for a proper purpose, namely, to show that Petitioner intended to harm the victim or at least knew that death or great bodily harm would be the likely result of his actions. This Court is bound by the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005); *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005).

Furthermore, the trial court carefully explained the proper use of the evidence to the jurors. Before the baby's physician testified, the trial court charged the jurors not to use the physician's testimony as evidence that the defendant had a bad character or propensity to act in certain ways. The court said that the physician's testimony concerning the treatment of injuries that occurred before the date in question was admissible only to show (1) the defendant's intent or knowledge that his manner of handling the child would create injury or (2) a diagnosis of battered child, *not necessarily at the hand of the defendant*. (Tr. May 15, 2003, at 10-11) (emphasis added).

In its concluding charge to the jurors, the trial court stated:

> You have heard evidence that was introduced to show the defendant committed improper acts for which he is not on trial.
>
> If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether this evidence tends to show that the defendant specifically meant to harm or abuse the child, or to do an act which was likely to result in harm to the child, or that the defendant acted purposefully, that is, not by accident or mistake, or because he misjudged the situation.
>
> You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the defendant is a bad person or that he is likely to commit crimes. You must not convict the defendant here because you think he is guilty of other bad conduct. All the evidence must convince you beyond a reasonable doubt that the defendant committed the alleged crime for which he is charged or you must find him not guilty.

(Tr. May 16, 2003, at 189-90.)

The trial court's cautionary jury instructions prevented Petitioner from being deprived of a fundamentally unfair trial. Thus, he is not entitled to habeas relief on the basis of his first claim.

### 2. Gruesome Photographs

6

Petitioner alleges that the trial court violated his right to due process by admitting gruesome photographs of the deceased infant's brain. The trial court admitted the evidence over defense counsel's objection because the medical examiner wanted to use the photographs to explain his testimony. (Tr. May 15, 2003, at 109-12.) Petitioner contends that the photographs were more prejudicial than probative of any fact in issue and that the prosecutor's purpose in showing the photographs was to shock the jurors and appeal to their sympathy.

The admission of gruesome photographs does not raise "the spectre of fundamental fairness such as to violate federal due process of law." *Gerlaugh v. Stewart,* 129 F.3d 1027, 1032 (9th Cir.1997). Therefore, Petitioner's claim is not cognizable on habeas review. *Cooey v. Coyle*, 289 F.3d 882, 893-94 (6th Cir. 2002).

Even if Petitioner's claim were cognizable on habeas review, the admission of the photographs was not fundamentally unfair. In *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2005), *cert. denied*, __ U.S. __, 127 S. Ct. 125 (2006), the Sixth Circuit upheld the admission of photographs depicting a victim's severed head, severed breast, and severed body parts placed near the victim's torso. The photographs in Petitioner's case apparently were less inflammatory. The prosecutor stated that the photographs were clinical in nature and that they did not show the baby's body.

Furthermore, the photographs assisted the expert witness in explaining the extent of the baby's injuries and the cause of death. Admission of the photographs might even be considered harmless in light of the medical examiner's description of the autopsy, which Petitioner has not

challenged.[1]

The Court concludes that the admission of the photographs was not fundamentally unfair and did not violate Petitioner's right to due process. Petitioner is not entitled to habeas relief on the basis of his second claim.

### B. Trial Counsel

The third and final claim alleges ineffective assistance of trial counsel. Petitioner asserts that his trial attorney should have objected to testimony regarding the deceased baby's quality of life during the weeks before his death. The baby's physician and foster mother testified that, during the interval between the infant's hospitalization in May of 2002 and his death during the following September, the baby would drool because he could not swallow, and he had a high heart rate and temperature. He appeared to be unable to see or hear, and he could not control his movements. His body would become rigid due to a seizure disorder. *See* Tr. May 15, 2003, at 33-35 (Dr. Michael Stoiko's testimony); Tr. May 16, 2003, at 50-56 (Valerie Daley's testimony).

The test for ineffective assistance of trial counsel has two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

An attorney's performance is deficient if "counsel's representation fell below an

---

[1] The medical examiner testified that an incision was made across the top of the decedent's head and the scalp was peeled away to expose the layers of the skull. Then a bone saw was used to cut off the skull cap. The skull cap and brain were removed and examined, and the dura (the outermost covering of the brain) was peeled off the skull with pliers. (Tr. May 15, 2003, at 126 and 134.)

objective standard of reasonableness." *Id.* at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

A deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Michigan Court of Appeals cited *Strickland* in its decision and concluded that trial counsel's failure to object to the testimony could not form the basis for a claim of ineffective assistance of counsel, because the challenged testimony was admissible.  The court of appeals stated that, any objection to the evidence would have been futile, and trial counsel was not required to advocate a meritless position.

This Court agrees with the state court's conclusions.  The baby's quality of life after his hospitalization and placement in a foster home, demonstrated the extent of his head injury and the fact that no intervening events caused his death.  The evidence was relevant and not any more prejudicial than the photographs and prior "bad acts" evidence, which the trial court permitted the prosecutor to admit.  Thus, it is unlikely that the trial court would have excluded evidence about the baby's quality of life even if defense counsel had objected to the evidence.

Defense counsel's failure to object did not amount to deficient performance and did not prejudice the defense.  Therefore, the state court's conclusion that defense counsel was not ineffective did not result in a decision that was contrary to, or an unreasonable application of,

*Strickland.*

## IV. Conclusion

Petitioner's first two claims are not cognizable on habeas review, and his third claim lacks merit because the state court's adjudication of the claim was not objectively unreasonable. Accordingly, the habeas corpus petition is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 25, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 25, 2007.

S/Carol A. Pinegar
Deputy Clerk